# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE HYMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:14CV485   SPM |
| | ) | |
| SGT. WARREN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the application of Bruce Hymes (registration no. 180179) for leave to commence this action without payment of the required filing fee.   Upon consideration of plaintiff=s financial information, the Court will grant the motion and assess an initial partial filing fee of $21.48.  *See* 28 U.S.C. ' 1915(a).    In addition, the Court will order the Clerk of Court to issue process on the amended complaint relative to plaintiff's Fourteenth Amendment claims against all six defendants in their individual capacities.

## 28 U.S.C. ' 1915(b)(1)

Pursuant to 28 U.S.C. ' 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee.   If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater

of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. ' 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. ' 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. ' 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $107.42, and an average monthly account balance of $.30. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $21.48, which is 20 percent of plaintiff's average monthly deposit.

## 42 U.S.C. ' 1997e(g)(2)

Pursuant to 42 U.S.C. ' 1997e(g)(2), the Court may require any defendant to reply to a complaint brought by a prisoner pursuant to 42 U.S.C. ' 1983 or any other federal law if it finds that the plaintiff has a reasonable opportunity to prevail on the

merits. Moreover, 28 U.S.C. ' 1915A requires the Court to identify any cognizable claims that would survive dismissal.

## The Amended Complaint

Plaintiff, an inmate at the Eastern Reception Diagnostic and Correctional Center, seeks monetary and declaratory relief in this 42 U.S.C. ' 1983 action against the following employees of the St. Charles County Detention Center ("SCCDC"): Sgt. Warren, Officer Strickland, Lt. McKee, Captain Post, Larry Crawford, and Dr. Loynd. Plaintiff is suing defendants in their individual capacities.

Plaintiff alleges that he was detained at the SCCDC on August 4, 2011. He states that he was married to a St. Charles City police officer, and as such, "antipathy existed toward plaintiff from both SCCDC staff and inmates." Plaintiff further states that the "hostility toward [him] presented a clear and present danger to [him] of which each of the defendants was aware" and that, despite their personal knowledge of "the immediate danger," he was left in general population. Plaintiff alleges that he was "threatened with harm by an SCCDC corrections officer" in early 2012, but no corrective measures were taken. He further alleges that he was involved in a fight with another inmate in March 2012, but no measures to protect him were taken. Plaintiff states that on April 3, 2012, "hostility directed toward him had progressed to a message threatening to [him] written on the wall in C-pod."

3

Plaintiff states that he requested protective custody on April 3, 2012, but none was given, and on April 5, 2012, he was severely assaulted by two detainees. Plaintiff alleges that, despite their knowledge of the danger he faced, defendants refused to provide him protective custody.

Liberally construing the amended complaint, plaintiff is claiming that each defendant was deliberately indifferent to his need for protection and that this indifference "allowed the assault . . . to occur and continue." Plaintiff states that he suffered "multiple facial fractures, extensive bruising, numerous contusions, and extreme pain from injuries requiring multiple reconstructive surgeries." In addition, plaintiff claims that he suffered vision and hearing loss. He states that his surgeon, Dr. Paul Burk,[1] recommended to defendant Dr. Loynd "further CT imaging and MRI scans" to determine the cause of plaintiff's hearing loss, but Loynd "refused to refer plaintiff to a specialist for CT or MRI scans or other care for the remainder of his detention at SCCDC." Plaintiff alleges that this deliberate indifference to his serious medical needs resulted in permanent loss of peripheral vision and hearing on the left side.

The Court finds that plaintiff's allegations against all six defendants in their individual capacities state Fourteenth Amendment claims for deliberate indifference

---

[1] Dr. Burk is not a named defendant in this action.

in failing to protect plaintiff from a substantial risk of serious harm and in denying him care and treatment for his serious medical needs after he was attacked. *Cf. Lenz v. Wade*, 490 F.3d 991, 995 (8th Cir. 2007).

Because plaintiff was a pretrial detainee when the alleged constitutional violations occurred, his claims should be analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979).[2] As such, the Court will dismiss plaintiff's Eighth Amendment claims, without prejudice, pursuant to 28 U.S.C. ' 1915(e)(2)(B), and will order all defendants to reply to plaintiff's Fourteenth Amendment claims.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $21.48 within thirty (30) days from the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court,"

---

[2] The Court notes that, while acknowledging that it "has yet to apply a clear standard for pretrial detainees," *Vaughn v. Green County*, 438 F.3d 845, 850 (8th Cir. 2006), the Eighth Circuit Court of Appeals has "repeatedly applied the deliberate indifference standard of *Estelle* to pretrial detainee claims that prison officials unconstitutionally ignored a serious medical need or failed to protect the detainee from a serious risk of harm." *Butler v. Fletcher*, 465 F.3d 340, 344 (8th Cir. 2006).

and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's Eighth Amendment claims are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to be issued upon the amended complaint as to Sgt. Warren, Officer Strickland, Lt. McKee, Captain Post, Larry Crawford, and Dr. Loynd in their individual capacities.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days, without first showing good cause, the Court will dismiss this action without prejudice and without further notice to him.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. ' 1997e(g)(2), defendants shall file responsive pleadings directed to plaintiff=s Fourteenth Amendment claims, as set forth in the amended complaint, within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to the Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

A separate Order of Partial Dismissal of Claims shall accompany this Memorandum and Order.

Dated this 25th day of June, 2014.

_____
**UNITED STATES DISTRICT JUDGE**