# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE HYMES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:14-CV-485-SPM |
| SGT. WARREN, et al., | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Bruce Hymes' Motion to Compel answers to interrogatories and disclosure (Doc. No. 45) and Motion for Entry of Default Judgment or Sanctions against Defendants Warren, Strickland, McKee, Post, Crawford, and Loynd (collectively referred to herein as "Defendants"). (Doc. No. 46). In essence, Plaintiff contends he is entitled to the entry of default judgment or sanctions because Defendants were either late in serving disclosures or failed to serve disclosures required under the Case Management Order. Plaintiff further contends sanctions and/or default judgment are warranted because Defendants' responses to Plaintiff's interrogatories were incomplete; and/or Defendants' objections were not well taken. In support of his motions, Plaintiff submitted Defendants' discovery responses and correspondence between Plaintiff and defense counsel. After reviewing the written submissions of the parties, including

Defendants' responses to Plaintiff's motions, I find that Plaintiff's motion to compel should be granted, in part, and denied, in part, for the reasons set out below. However, because Plaintiff has not demonstrated that entry of a default judgment or sanctions are warranted, Plaintiff's motion for default or sanctions will be denied.

Pursuant to this Court's Case Management Order, Defendants were required to make certain disclosures to Plaintiff on or before December 30, 2014. Defendants mailed the disclosures to Plaintiff and counsel for Dr. Loynd on December 30, 2014. *See* Doc. No. 50-1. Defendant Loynd mailed his initial disclosure to Plaintiff on January 5, 2015, and mailed supplemental disclosures on February 1, 2015, March 3, 2015, and March 4, 2015. *See* Doc. Nos. 49-1 through 49-4. The record before the Court makes clear that, notwithstanding Plaintiff's arguments to the contrary, Defendants did not fail to make the disclosures required by the Case Management Order. Defendant's Loynd's disclosures were not timely served; but, Plaintiff has failed to demonstrate any prejudice as a result of the delayed disclosures. The disclosures of the remaining defendants were timely served. As such, Plaintiff's contention that Defendants should be sanctioned for failing to make the disclosure required under the Case Management Order is without merit.

Plaintiff also appears to seek either sanctions or an order compelling responses to interrogatories he directed to Defendants in October 2014. Plaintiff

served Defendants Loynd, Crawford, Warren, McKee, and Post with Plaintiff's First Interrogatories on or about October 25, 2014. Defendants filed timely objections and responses to Plaintiff's interrogatories. Because Defendants timely responded to Plaintiff's discovery requests and are not in default of any previously imposed order compelling discovery responses, the Court finds no basis for issuing sanctions against Defendants. The Court will instead consider Plaintiff's motion to compel responses to Plaintiff's First Set of Interrogatories.

**A. Interrogatories Directed to Dr. Loynd**

With respect to Dr. Loynd, Interrogatory numbers 3 and 4 asked Dr. Loynd to describe the care he provided to Plaintiff during or after April 2012 in response to Plaintiff's complaints of vision and hearing loss. *See* Doc. No. 46-1, at p. 2. Although Dr. Loynd objected that each interrogatory was overly broad and vague, he nevertheless directed Plaintiff to the medical records. As Dr. Loynd correctly noted in his response to Plaintiff's motion to compel, Rule 33 of the Federal Rules of Civil Procedure permits him to produce medical records in lieu of a written response to the interrogatory. In the absence of any evidence that the medical records fail to address the requested information, Dr. Loynd has satisfied the requests in interrogatories 3 and 4. As such, Plaintiff's motion to compel responses to interrogatory numbers 3 and 4 will be denied.

### B. Interrogatories Directed To Defendants Crawford, Warren, McKee, and Post

In the interrogatories directed to Defendants Crawford (Interrog. No. 6), Warren (Interrog. No. 6), McKee (Interrog. No. 3) and Post (Interrog. No. 2), Plaintiff asked whether, during the relevant time frame, each Defendant knew Debra Hymes and/or her relationship to Plaintiff. Defendants objected to this interrogatory on grounds that it is vague, ambiguous, and irrelevant to the issues in the case. However, as Plaintiff correctly notes in his motion, Defendants' knowledge of his relationship to Debra Hymes is central to the facts alleged in his Complaint. In addition, the interrogatory is simply worded and Defendants have failed to articulate any legitimate basis for finding it vague or ambiguous. As such, Defendants' objections will be overruled and Defendants Crawford (Interrog. No. 6), Warren (Interrog. No. 6), McKee (Interrog. No. 3) and Post (Interrog. No. 2), will be required to respond.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Entry of Default Judgment or Sanctions (Doc. No. 46) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel (Doc. No. 45) is **GRANTED, in part, and DENIED, in part**. Plaintiff's motion to compel responses to Interrogatory Nos. 3 and 4 directed to Dr. Loynd (Doc. No. 45) is

**DENIED**. Plaintiff's Motion to Compel responses to Interrogatory Nos. 6 directed to Defendants Crawford and Warren, Interrogatory No. 3 to Defendant McKee and Interrogatory No. 2 to Defendant Post is **GRANTED**.

Dated this 26th day of March, 2015.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE